**Motions Denied and Order filed July 27, 2017**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-16-00116-CV

_____

### OSAMA ABDULLATIF AND ALI MOKARAM, Appellants

### V.

### ALI CHOUDHRI, Appellee

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2012-27197**

## ORDER

On June 8, 2017, we issued an opinion granting appellee's motions for review of the trial court's supersedeas ruling under Texas Rule of Appellate Procedure 24.4. Appellants filed an "Emergency Motion for Temporary Relief or for Rehearing to Clarify Opinion" on July 7, 2017. The motion asks the court either to (1) clarify that we did not "order additional or other security to supersede the judgment," so the 20-day judgment-suspension period in Texas Rule of Appellate Procedure 24.4(e), which begins after the court of appeals makes such an order, does not apply; or (2) if

Rule 24.4(e) does apply, issue a temporary order under Rule 24.4(c) again suspending the judgment. Appellants filed a supplemental emergency motion on July 25, 2017, repeating their request.

Subsections (d) and (e) of Rule 24.4 state:

(d)  *Action by Appellate Court*. The motion must be heard at the earliest practical time. The appellate court may require that the amount of a bond, deposit, or other security be increased or decreased, and that another bond, deposit, or security be provided and approved by the trial court clerk. The appellate court may require other changes in the trial court order. The appellate court may remand to the trial court for entry of findings of fact or for the taking of evidence.

(e)  *Effect of Ruling*. If the appellate court orders additional or other security to supersede the judgment, enforcement will be suspended for 20 days after the appellate court's order. If the judgment debtor does not comply with the order within that period, the judgment may be enforced. When any additional bond, deposit, or security has been filed, the trial court clerk must notify the appellate court. The posting of additional security will not release the previously posted security or affect any alternative security arrangements that the judgment debtor previously made unless specifically ordered by the appellate court.

Tex. R. App. P. 24.4(d), (e).

We ordered as follows in our supersedeas opinion:

We grant [appellee's] motions and hold that appellants must post additional security at least equal to "the value of the property interest[s] on the date when the court rendered judgment" to supersede the Declarations. Tex. R. App. P. 24.2(a)(2)(B); *see* Tex. R. App. P. 24.4(d) (authorizing court of appeals to require that the amount of security be increased or decreased and that another bond, deposit, or other security be posted). We remand the Supersedeas Order for the trial court to take evidence and make findings of fact regarding the amount and type of security appellants must post to supersede the declaratory portion of the judgment. *See* Tex. R. App. P. 24.4(d). Texas Rule of Civil Procedure 621a authorizes the parties to conduct discovery as necessary to obtain information relevant to the value of the property interests.

2

*Abdullatif v. Mokaram*, No. 14-16-00116-CV, __ S.W.3d __, 2017 WL 2484374, *7 (Tex. App.—Houston [14th Dist.] June 8, 2017, op. on motions for review of supersedeas order).

Despite the express statement that "appellants must post additional security," appellants contend we did not "order additional or other security" because we did not set a dollar amount, but rather remanded the motion for the trial court to take evidence, make findings, and set that amount. They cite no authority for that proposition, and we have found none. To the contrary, in ordering additional security, three of our sister courts remanded for findings regarding the amount required, and there was no suggestion Rule 24.4(e) did not apply. *See LMC Complete Automotive, Inc. v. Burke*, 229 S.W.3d 469, 481 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (recounting earlier remand); *Orix Capital Mkts., LLC v. La Villita Motor Inns, J.V.*, No. 04-09-00573-CV, 2010 WL 307885, *4 (Tex. App.—San Antonio Jan. 27, 2010, mem. op. on motion), *disp. on merits*, 329 S.W.3d 30 (Tex. App.—San Antonio 2010, pet. denied); *Kanan v. Plantation Homeowner's [sic] Ass'n, Inc.*, No. 13-11-00282-CV, 2012 WL 593067, *5 (Tex. App.—Corpus Christi Feb. 21, 2012, mem. op. on order), *disp. on merits*, 407 S.W.3d 320 (Tex. App.—Corpus Christi 2013, no pet.).

We hold Rule 24.4(e) applies to this case. The judgment was suspended for twenty days after our opinion was issued. Appellants did not comply with our order within that period. Accordingly, the judgment may be enforced. *See* Tex. R. App. P. 24.2(e).

Because we hold Rule 24.4(e) applies, we turn to appellant's request that we re-suspend the judgment under Rule 24.4(c). Rule 24.4(c) permits the court of appeals to "issue any temporary orders necessary to preserve the parties' rights." Tex. R. App. P. 24.4(c). Appellants contend they will be irreparably harmed if the

judgment is not suspended because appellee is taking actions with respect to the business entities at issue in this case that will destroy appellants' appellate rights.

It appears appellants did not, within the 20-day suspension period of Rule 24.4(e), request a hearing to have the trial court set the new supersedeas amount. It is incumbent upon judgment debtors to take all action necessary to enable the judgment debtors to post additional security within that period.

Further, appellants waited 29 days after our opinion was issued to file the motion for clarification. They have not explained why they did not seek clarification early enough that, if we held Rule 24.4(e) applied, they would have time to post the additional security.

Appellants have not established that they acted with due diligence in attempting to comply with our order. Accordingly, we decline to suspend the judgment under Rule 24.4(c).

Appellants' motion and supplemental motion are **DENIED**.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Busby and Wise.